NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**INVT SPE LLC,**
*Appellant*

**v.**

**APPLE INC., HTC CORPORATION, HTC AMERICA, INC., ZTE (USA) INC.,**
*Appellees*

---

2020-1881

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-01476.

---

Decided:  April 8, 2021

---

JOHN K. HARTING, Robins Kaplan LLP, Minneapolis, MN, argued for appellant.  Also represented by BRENDA L. JOLY, CYRUS ALCORN MORTON, CHRISTOPHER SEIDL.

PAUL R. HART, Erise IP, P.A., Greenwood Village, CO, argued for all appellees.  Appellee Apple Inc. also represented by ADAM PRESCOTT SEITZ, Overland Park, KS.

STEPHEN S. KORNICZKY, Sheppard, Mullin, Richter &

Hampton LLP, San Diego, CA, for appellees HTC Corporation, HTC America, Inc.   Also represented by MARTIN BADER, ERICKA SCHULZ.

JOHN PETER SCHNURER, Perkins Coie LLP, San Diego, for appellee ZTE (USA) Inc.  Also represented by KEVIN PATARIU.

————————————

Before PROST, *Chief Judge*, PLAGER and CHEN, *Circuit Judges*.

PER CURIAM.

INVT SPE LLC appeals from the final written decision of the Patent Trial and Appeal Board (Board), holding that all six claims of U.S. Patent No. 7,764,711 (the '711 patent) are unpatentable as obvious in light of the combined teachings of Paulraj,[1] Walton,[2] and Huang.[3]  *See Apple Inc. v. INVT SPE LLC*, No. IPR2018-01476, 2020 WL 1808193 (P.T.A.B. Apr. 8, 2020).  We have reviewed the record and see no error in the Board's unpatentability findings.  Under the broadest reasonable interpretation standard,[4] the

———————————

[1]    U.S. Patent No. 6,067,290.

[2]    U.S. Patent No. 7,095,709.

[3]    Howard Huang et al., *Achieving High Data Rates in DCMA Systems using BLAST Techniques*, IEEE GLOBAL TELECOMMUNICATIONS CONFERENCE – GLOBECOM '99 2316 (1999).

[4]    *See* 37 C.F.R. § 42.100(b) (2018).  The U.S. Patent and Trademark Office recently amended this regulation to require the Board to apply the claim construction standard articulated in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc), to IPR petitions filed on or after November 13, 2018.  *See Changes to the Claim Construction Standard for Interpreting Claims in Trial Proceedings Before the Patent Trial and Appeal Board*, 83 Fed. Reg. 51,340

claims do not exclude the possibility in which the "plurality of data items," like the "specific data item," are subject to transmit diversity. *See* '711 patent at claim 1. The specification defines "specific data" to include data transmitted under "poor channel quality" conditions, *id.* at col. 3 ll. 60–66, and such conditions, as INVT acknowledges, would dictate that "*all* of the data transmitted at any given time . . . be subject to transmit diversity," *see* Appellant's Br. 58 (emphasis added). Rather than requiring simultaneous transmission of both higher and lower priority data, the Board's construction merely requires that the specific data be of higher priority than data not needing the increased accuracy afforded by transmit diversity—e.g., data transmitted under good channel quality conditions. Because the asserted prior art combination results in using transmit diversity on all data that is transmitted under poor channel conditions, substantial evidence supports the Board's findings that led to its obviousness determination. Accordingly, we *affirm* for the reasons stated by the Board.

## AFFIRMED

---

(Oct. 11, 2018) (codified at 37 C.F.R. § 42.100(b)). Because the petition challenging the '711 patent was filed before November 13, 2018, the broadest reasonable interpretation standard applies to the Board decision on appeal.